PEOPLE v. HARRIS.

PURE-FOOD LAWS—CORN SYRUP—GLUCOSE.

> Under Act No. 123, Pub. Acts 1903, prohibiting the sale of cane
> syrup, beet syrup, or glucose unless the package containing
> the same be labeled with its true name, or of cane or beet
> syrup mixed with glucose unless the package be labeled
> "Glucose Mixture" or "Corn Syrup," with the name and
> percentage of each ingredient contained therein plainly
> stamped thereon, it is permissible, in stating the ingredients
> of a mixture of 10 per cent. cane syrup and 90 per cent. glu-
> cose made from corn, to use the term "corn syrup" instead
> of "glucose."

Exceptions before judgment from Kent; Perkins, J.
Submitted November 3, 1903. (Docket No. 248.) Decided
December 1, 1903.

Benjamin S. Harris was convicted of violating Act No.
123, Pub. Acts 1903, relative to the sale of corn syrup.
Reversed.

Respondent was prosecuted and convicted for a violation
of Act No. 123 of the Public Acts of 1903, entitled "An
act in relation to the sale of corn syrup," and reading as
follows:

" SECTION 1. No person shall offer or expose for sale,
have in his possession with intent to sell, or sell any cane
syrup, beet syrup, or glucose, unless the barrel, cask, keg,
can, pail, or package containing the same be distinctly
branded or labeled with the true and appropriate name;
nor shall any person offer or expose for sale, have in his
possession with intent to sell, or sell any cane syrup or beet
syrup mixed with glucose, unless the barrel, cask, keg,
can, pail, or package containing the same be distinctly
branded or labeled ' Glucose Mixture ' or ' Corn Syrup ' in
plain Gothic type not less than three-eighths of an inch
square, with the name and percentage by weight of each
ingredient contained therein plainly stamped, branded, or

stenciled on each package in plain Gothic letters not less than one-quarter of an inch square. Each and every package of syrup, either simple or mixed, shall bear the name and address of the manufacturer. Such mixtures or syrups shall have no other designation or brand than herein required that represents or is the name of any article which contains a saccharine substance; and all brands or labels required shall be an inseparable part•of the general or distinguishing label, and that the general or distinguishing label shall be that principal and conspicuous sign under which it is sold.

" SEC. 2. Whoever shall do any of the acts or things prohibited, or neglect or refuse to do any of the acts or things required, by this act, or in any way violate any of the provisions, shall be deemed guilty of a misdemeanor, and shall be punished by a fine not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment in the county jail for a period of not less than thirty nor more than ninety days, or by both such fine and imprisonment, in the discretion of the court."

The complaint charges him with the unlawful sale of—

"A two-pound can, two pounds, of a certain article, product, and compound, to wit, corn syrup, so called, made wholly or in part of cane syrup and glucose as follows, to wit: Cane syrup, ten per cent., and glucose, ninety per cent.; said can containing said article, product, and compound sold as aforesaid not being then and there stamped, branded, or stenciled with the name and percentage by weight of each ingredient contained therein, to wit, cane syrup, ten per cent., glucose, ninety per cent., but said article,.product, and compound sold as aforesaid was then and there stamped and branded as follows, to wit: ' Cane syrup, ten per cent., corn syrup, ninety per cent.;' against the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

Respondent moved to quash the complaint and warrant for two reasons: (1) They charged no offense; (2) the act authorizes the use of the words " corn syrup," instead of " glucose," in the statement of the ingredients placed upon the can. The motion was overruled, and the case proceeded to trial upon the following agreed facts:

1. The respondent sold on October 12, 1903, at the city of Grand Rapids, Mich., the can of Victor Corn Syrup in question.

2. The label on said can of syrup sold, as stated in the complaint, contains the formula of contents of said can as follows: "Corn syrup, 90 per cent., cane syrup, 10 per cent.," and is not branded or labeled as the people claim it should be, "Glucose, 90 per cent., cane syrup, 10 per cent."

3. The Victor Corn Syrup in question is in fact composed of 90 per cent. syrup made from corn, commercially called "glucose" or "corn syrup," and 10 per cent. of cane syrup.

4. Glucose contained in the Victor Corn Syrup in question is in fact a pure syrup made entirely from corn.

5. "Grape sugar," commercially known as "glucose," either solid or liquid, is a generic name for starch sugar, as distinguished from cane sugar.

6. A simple beet syrup is strictly the same as the simple cane syrup.

7. Originally, glucose, which was first made from grapes, was, for the reason that starch sugars are identical with the sweet principle of grapes, termed, for a great many years, and until lately was known chemically and commercially as, grape sugar.

8. Commercially, glucose is now made in this country entirely from corn, although abroad it is still made from potatoes.

9. The consuming public does not understand that glucose is a syrup made entirely from corn. On the contrary, it is claimed by the respondent that the public generally supposes glucose to be an inferior product made from animal fat, or a product of the glue factory, while they do recognize corn syrup as being a syrup made from corn.

10. Glucose, as made from corn, and contained in Victor Corn Syrup in question, is entirely harmless, and recognized generally by highest authorities as a valuable food product.

11. Glucose made from corn in fact costs, at the present time, owing partially to cost of raw material, more to produce, and sells for more in the markets, than manufactured cane syrup.

The court directed a verdict of guilty.

*Knappen, Kleinhans & Knappen,* for appellant.

*Charles A. Blair,* Attorney General, and *William B. Brown,* Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). Does the statute require respondent or manufacturers to state upon their labels that corn syrup consists of 90 per cent. glucose? No such statute has come under the decision of other courts. It is a new question, and must be determined upon general principles of construction. It is conceded that the label states the exact facts; that the article is made of 90 per cent. pure corn syrup and 10 per cent. cane syrup; that it deceives no one; that Victor Corn Syrup is a valuable and pure article of food, and that the ingredient 90 per cent. corn syrup "is entirely harmless, and recognized generally by the highest authority as a valuable food product," whether it be called "glucose" or "corn syrup." The term "glucose" is obnoxious to many, if not a majority, of the public, and is misunderstood by them. They do not know that in this country glucose is now made entirely from corn, and that the terms "glucose" and "corn syrup" are commercially synonymous. This fact is known to the manufacturers, and perhaps the dealers. A prejudice exists against the term "glucose," because that material can be manufactured from many substances, including sawdust. In Europe it is made mainly of potatoes. By many it is associated with a glue factory. In this country "corn syrup" and "glucose" are not only commercially synonymous terms, but it is stated by counsel for respondent that they are permitted to be so used in all the other States. We have not verified this statement, but, as it is not challenged, we assume it to be correct.

We have, therefore, a valuable and healthful product, made from two pure, valuable, and healthful ingredients, advertised and placed upon the markets for what it really is, without any deception, fraud, or chance to injure the

public in any way. Yet the contention on behalf of the people is that the legislature has enacted that, in putting this product upon the market, its manufacturers and sellers must attach to it a name obnoxious to the public, and in fact calculated to deceive them. When it is claimed that such innocent acts are made *malum prohibitum*, there must be either an express provision of the statute so declaring, or the language of the statute must leave no other conclusion reasonable. This statute does not expressly require it.

The argument on behalf of the people is "that glucose made from corn is glucose, the simple syrup mentioned in and intended to be mentioned in said act." The further claim is "that, had there been any intention on the part of the legislature to use the terms 'glucose' and 'corn syrup' interchangeably and as synonymous, then the term 'corn syrup' would have been enumerated as one of the simple syrups." We do not think this reasoning at all conclusive. Prior to the enactment of this statute, the law prohibited the sale of molasses, syrup, or glucose unless distinctly branded or labeled with its true and appropriate name; or any mixture thereof, unless it was branded or labeled "glucose mixture," and the per cent. in which glucose entered into its composition. 2 Comp. Laws, § 5024. The present act, which repeals the provisions of the former act, expressly permits the mixture to be labeled "Glucose Mixture" or "Corn Syrup," and forbids mixtures or syrups to have any other designation than required in the act, so far as such designation "represents or is the name of any article which contains a saccharine substance." It is a fair presumption that the legislature, in enacting this law, recognized the obnoxious character of the term "glucose" among the people, and permitted, and intended to permit, a mixture of corn syrup and cane syrup to be sold under the name of corn syrup. The title to the act provides for the sale of corn syrup, and in its body provides that, when cane syrup is mixed with it, the manufacturers and dealers shall state the propor-

tionate ingredients. The small amount of cane syrup used does not change the character of the general product, any more than salt changes the character of bread, or sugar that of cake; and the act permits the sale of the mixture as corn syrup. "Syrup," as defined by the United States Department of Agriculture, "is the product obtained by purifying and evaporating the juice of a sugar-producing plant without removing any of the sugar." Syrup thus obtained from cane is cane syrup; syrup so obtained from sorghum is sorghum syrup; and syrup so obtained from corn is corn syrup. There is no reason why corn syrup should be labeled "glucose," and, until the legislature has so ordered in language susceptible of no other construction, the law must be held not to bear that construction.

Conviction reversed, and respondent discharged.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.